## JONATHAN A. HEARN *vs.* WILLIAM A. CULLIN.

*Pleading and Demurrer—Case of items of Set-off held to be for Unliquidated damages, and not proper subjects of set-off—Another item for money paid by Defendant for the Plaintiff held to be badly pleaded, because not stated to have been paid at Plaintiff's instance and request—Effect of Voluntary payment by one of a debt due by another—Sufficiency of declaration considered—Principal and agent—Variance—Condition precedent—Immaterial fact.*

Where a plea contains several items of set-off, some of which are well pleaded, and others not, it is proper for the plaintiff to reply to the part thereof which is well pleaded, and to confine his demurrer to the portion which is bad.

The plaintiff purchased a sloop from the defendant, and made certain payments on account of the purchase money, and afterwards the defendant sold the vessel to another purchaser, to whom the plaintiff agreed to surrender possession, upon the promise by the defendant to settle with him satisfactorily. The plaintiff having sued the defendant to recover the amount claimed to be due him, the defendant pleaded by way of set-off that there was money due him by the plaintiff, (among other things,) "for bills on said sloop, A. W., paid by the defendant, and created by the plaintiff," "for loss on sale of said sloop," and "for use of said sloop." On demurrer, it was HELD :

1st. That the claims for " loss on sale of the sloop," and "for the use of the said sloop," were for unliquidated damages, and, therefore, not proper subjects of set-off.

2nd. That the claim for money paid for bills on the sloop created by the plaintiff, was not a good plea, it not being alleged that the same were paid at the instance and request of the plaintiff.

A voluntary payment made by one of a debt due by another, without his request, creates no *assumpsit* or liability on the part of the latter to the former.

One of the counts alleged the sale of the sloop by the defendant to the plaintiff for the price mentioned, the delivery of the possession

thereof to the plaintiff, the payment by the latter of a certain sum as part of the purchase money, "and that afterwards the said defendant sold and delivered the said boat or vessel to one L., at and for a large sum of money, to wit, the sum of $1000, and undertook and promised to account therefor to the plaintiff; but the said defendant hath not accounted for, nor paid to the plaintiff, the said purchase money, nor any part of the proceeds of said sale, but hath wholly refused and neglected so to do, and doth still refuse, wherefore the plaintiff claims $500." On demurrer, it was HELD:

1st. That no tortious act on the part of the defendant was alleged as the ground of action. Taking the whole averment together, it imports that the possession of the boat was delivered by the plaintiff to L., on the request of the defendant, and this was a sufficient consideration to support the promise of the defendant to account for, and pay to the plaintiff the value of his interest in the property.

2nd. That the facts did not establish the relation of principal and agent between the parties; the sale by the defendant to L., appearing to have been made without authority, and not in any respect as agent for the plaintiff, and not afterwards adopted or ratified by him.

3rd. That after the sale to L., a distinct contract was made by the defendant with the plaintiff, that if the latter would deliver the possession of the boat to L., the defendant would account to him for it, and this contract was sufficiently stated in the count.

According to the evidence, a part of the original contract of sale between the plaintiff and defendant was, "that the purchase money was to be paid at the end of the ensuing oyster season, and that the plaintiff was to make no bills on the boat without the defendant's consent;" but this was not averred in the declaration. On objection by the defendant that there was a variance between the original contract of sale as stated in the declaration, and that contract as proven, it was HELD:

1st. That it was a sufficient answer to this objection to say that the original contract of sale to the plaintiff was alleged merely as inducement, and formed no part of the ground or cause of action. It was not necessary to set out all the elements or particulars of that contract, but only so much as showed that the plaintiff was rightfully in possession of the property.

Hearn *vs.* Cullin.

2nd. That the ground of action was the promise on the part of the defendant to account to the plaintiff for the property, made in consideration of the plaintiff's giving up the possession to L.

3rd. That the agreement to pay the purchase money at the end of the oyster season, and the agreement to make no bills on the boat, were not in their nature conditions precedent to the vesting of the right of possession in the plaintiff.

4th. That the fact that L. failed to pay the defendant for the boat, was wholly immaterial, and in no manner affected the right of the plaintiff to recover.

APPEAL from the Circuit Court for Somerset County.

The case is stated in the opinion of the Court.

*First Exception.*—The defendant offered to prove that he sold the said vessel to Lewis on a credit of one and two years from the time of said sale, and that neither of said payments had become due and payable at the time this suit was brought, and that in fact no part of the said purchase money from Lewis had been received by the defendant; to which last offered evidence plaintiff objected. The defendant's counsel then declared that they proposed to follow up the said evidence objected to, with further proof, that after the said purchase money became due from Lewis, it was not then paid, nor at any time afterwards; that said Lewis was unable to pay the same, and that the defendant had to take back the said vessel from him; that he, the defendant, still has her. The objection of the plaintiff to the admissibility of the said evidence as offered, or as proposed to be followed up, being insisted on by the plaintiff, the Court, (WILSON, J.,) sustained the said objection of the plaintiff, and refused to allow the evidence as offered, and also as proposed to be followed up, to go to the jury, but ruled that the defendant was at liberty to prove that he had received no part of the purchase money of the said Lewis. The defendant excepted.

*Second Exception.*—The defendant's counsel then re-called the defendant, who testified that he never received from Wingate Lewis any part of the purchase money of the said vessel " Anna Willets," sold to him by the defendant. The defendant's counsel then proposed to offer evidence, by the defendant himself, that at the time he sold the said vessel to Wingate Lewis, he, Lewis, was in good credit, but before the money became payable the said Lewis became insolvent, and was wholly unable to pay for the said vessel, and did not pay for her, and that the defendant for that reason was obliged to take her back, and he still held her. To the admissibility of the said evidence so offered, the plaintiff objected, and the Court sustained the objection, and refused to permit the said evidence to go to the jury; but the Court was of opinion that the defendant was at liberty to prove that he had received no part of the purchase money of said vessel from said Lewis. The defendant excepted.

*Third Exception.*—The plaintiff offered the four following prayers:—

1. That if the jury find that on or about the month of September, 1876, the defendant agreed to sell a certain vessel called " The Anna Willets," and the plaintiff agreed to purchase the same for the sum of $455.20, including store account due by the plaintiff to the defendant, if they shall find said account, and that in pursuance of said contract the said plaintiff was placed in possession of the said vessel by the said defendant, and paid to the defendant $150, on account of purchase money thereof, and afterwards the said defendant bargained with one Wingate Lewis, for the sale of the said vessel, and with the consent of the plaintiff, and on the promise of the defendant to the plaintiff to do what was fair and right, defendant sold said vessel to the said Lewis at and for the sum of $500, then the jury must infer a promise by the said defendant to account for the said sale to and with the said plaintiff.

Hearn vs. Cullin.

2. That if the jury find that on or about the month of September, 1876, the defendant agreed to sell a certain vessel called "The Anna Willets," and the plaintiff agreed to purchase the same for the sum of $455.20, including store account due by the plaintiff to the defendant, if they shall find said account, and that in pursuance of said contract the said plaintiff was placed in possession of the said vessel by the said defendant, and paid to the defendant $150, on account of purchase money thereof, and afterwards the said defendant bargained with one Wingate Lewis for the sale of the said vessel, and with the consent of the plaintiff, and on the promise of the defendant to the plaintiff, that the said defendant would settle satisfactorily, the defendant sold the said vessel to the said Lewis, at and for the sum of $500, then the jury must infer a promise by the said defendant to account for the said sale to and with the said plaintiff.

3. That if the jury find the facts stated in the plaintiff's first prayer, or shall find the facts contained in the plaintiff's second prayer, and shall also find that after the said sale by the defendant to the said Wingate Lewis, the plaintiff called on the defendant to account with him, and settle for the said vessel, and the defendant refused so to do, and has never accounted with the plaintiff and settled with him for the said sale, then the plaintiff is entitled to recover under the eighth count of the declaration, and the damages must be for the amount for which the said defendant sold the said vessel to the said Lewis, less the amount due by the said plaintiff to the defendant on account of purchase of said boat, and the amount due on the several bills, that the jury may find under instructions contained in plaintiff's fourth prayer, with interest from the day of the said sale to the said Lewis.

4. That the defendant, under the plea of set-off, cannot recover for such bills of the plaintiff as were paid by the defendant, (if they shall find any such bills were paid,)

unless they shall find that the plaintiff impliedly or expressly requested the defendant to pay the said bills, or was constrained to pay them as bills against said vessel.

And the defendant offered the seven following prayers:

1. That the plaintiff is not entitled to recover the money paid by the plaintiff to the defendant, on the contract for the purchase of the "Anna Willets," (if the jury from the evidence shall believe that any such contract was made between the plaintiff and defendant, and that any money was paid by plaintiff to defendant thereunder,) under the pleadings and evidence in this cause, because there is no evidence of the rescission of the contract for the sale of the sloop "Anna Willets," and without which evidence the plaintiff is not entitled to receive back any part of the money so paid by the plaintiff on the contract aforesaid, for the purchase of the said sloop.

2. That to enable the plaintiff to recover on the seventh and eighth counts of his declaration, he must prove to the satisfaction of the jury that the contract for the sale of the sloop "Anna Willets," between the plaintiff and the defendant, as he has alleged it in the said counts severally, and if from the evidence they find that as conditions and parts of the said contract, the purchase money was to be paid by the plaintiff during or at the end of the oyster season, then current, and the plaintiff was to make no bills on the said boat without the defendant's consent, they cannot find that the said contract is as is alleged in the said counts.

3. That if the jury find the defendant sold the "Anna Willets," to Wingate Lewis, with the consent of the plaintiff, but never received any part of the price of the said vessel from the said Lewis, the plaintiff is not entitled to a verdict against the defendant on the first, second, third, fourth, fifth, sixth and seventh counts in the plaintiff's declaration, on the said counts their verdict should be for the defendant.

4. That although the jury should find from the evidence in the cause that the defendant sold the sloop "Anna Willets," to Wingate Lewis, with the consent of the plaintiff, and promised to account with the plaintiff for the price, yet if they also find from the evidence that he never received the price, or any part of it from said Lewis, their verdict must be for the defendant on the eighth count of the plaintiff's declaration.

5. That although the jury should find from the evidence that the defendant sold and delivered the sloop "Anna Willets," mentioned in the declaration, to Wingate Lewis, yet the plaintiff is not entitled to recover in this form of action and under the pleadings in this cause, unless they also find that the defendant undertook and promised to account with and pay the plaintiff the proceeds of the said sale.

6. That if the jury shall be of opinion that the plaintiff is entitled, under the pleadings and issues in this cause, to recover from the defendant on account of the sale of the said sloop to Wingate Lewis, they should, in making up their verdict, take into consideration whatever amounts or sums of money they may, from the evidence in the cause, find to be due from the plaintiff to the defendant on account of the original purchase of the said vessel by the plaintiff from the defendant, or any of the other claims offered in evidence, and their verdict must be for the defendant, unless they find that the defendant is indebted to the plaintiff in a greater amount, in which case their verdict should be only for the excess of the demand of the plaintiff over that of the defendant.

7. That if the jury shall find from the evidence in this cause that the plaintiff and defendant agreed to refer the matters in controversy between them to arbitration; that the plaintiff and defendant met together in the presence of said arbitrators; that the defendant said then and there that he would make a statement, and if he was wrong the plaintiff should correct any misstatement made

Hearn *vs.* Cullin.

by him; that the defendant then and there read a state-
ment of his claims against the plaintiff, item by item
severally, to none of which the plaintiff objected, then
the jury may infer that the plaintiff assented thereto,
and may allow any or all of such items as they may find
to have been so read and claimed without objection, in
diminution of the damages due to the plaintiff on any
of the counts in the plaintiff's *narr.*, if the jury shall find
that the plaintiff is entitled to any such damages. And
if the jury shall further find that Francis T. Maddrix
had done work and repairs for said sloop " Anna Willets "
for $14.70, or any part thereof, and was about to enforce
the payment thereof against the said sloop, and that the
defendant paid the same after the said arbitration, then,
under the pleadings and evidence in this cause, the jury
may also allow the said sum, or so much as they may find
properly chargeable against the said sloop, in diminution
of said damages, if the jury shall find any damages in
favor of the plaintiff against the defendant.

The Court granted the four prayers of the plaintiff, and
the defendant's first, third, fifth and sixth prayers, and
rejected the defendant's second, fourth and seventh prayers.
The defendant excepted, and the verdict and judgment
being against him, he appealed.

The cause was submitted on briefs to BARTOL, C. J.,
BRENT, MILLER and ROBINSON, J.

*Thomas S. Hodson* and *John W. Crisfield,* for the appel-
lant.

*Robert F. Brattan, Henry Page* and *James U. Dennis,*
for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This is an action of *assumpsit* instituted by the appel-
lee against the appellant.

It appears from the evidence that in September 1876, the appellant sold to the appellee the sloop "*Anna Willets*," for the sum or price of $455.20, to be paid by the end of the ensuing oyster season, which terminated the 1st of May or June 1877. A bill of sale of the sloop was not to be given till the purchase money should be paid, and then the bill of sale was to be given to appellee's wife, and the appellee was to create no bills on the sloop.

In pursuance of the contract, the possession of the vessel was delivered to the appellee, who paid $150 in part of the purchase money, and used her in the oyster business until the latter part of February 1877.

At that time, a conversation took place between the parties, in which the appellee in answer to the appellant's question whether he would be able to pay the balance of the purchase money by the end of the oyster season, said "he did not think that he could."

The appellant then asked the appellee whether he could put repairs on the sloop as she would need at the end of the season, he said "he could not."

Whereupon appellant sold the sloop to *Wingate Lewis* for $500, and asked appellee to give her up to Lewis, which the appellee consented to do, upon the promise by the appellant "to settle with him satisfactorily." Upon this agreement the possession of the sloop was delivered to Lewis.

It appears from the proof that no part of the price, which Lewis agreed to pay, has been received by the appellant.

The declaration originally filed contained *seven* counts, but these need not be particularly noticed, as the jury were instructed by the *third prayer* of the defendant, which was granted, that "if the defendant sold the sloop to Lewis with the consent of the plaintiff, but never received any part of the price from Lewis, the plaintiff is not entitled to recover on the *first, second, third, fourth, fifth, sixth or seventh counts* of the declaration.

The only questions before us on this appeal, arise, 1st. Upon the demurrer to a part of the *third* plea. 2nd, the demurrer to the *eighth count* of the *narr.*, and 3rd, to the ruling by the Circuit Court on the prayers, and 4th, to the ruling upon the questions of evidence. These will be disposed of in the order above stated.

*1st.* The *third* plea alleged a set-off, " for money payable by the plaintiff to the defendant, for goods bought by plaintiff of defendant prior to September 1876 and since that time ; for bills on said sloop ' Anna Willets,' paid by defendant and created by plaintiff; for loss on sale of said sloop ; for use of said sloop, and for sundry matters properly chargeable in account, as per account thereof herewith filed," &c.

The demurrer was to so much of said plea as is contained in the following words, "*for bills on said sloop Anna Willets, paid by the defendant, and created by the plaintiff,*" and also the following words, "*for loss on sale of said sloop,*" "*for use of said sloop.*"

It was not error to sustain this demurrer, a portion of the plea being good, it was proper for the plaintiff to reply to the part thereof which was well pleaded, and to confine his demurrer to the portion which was bad. 1 *Chitty on Pl., Set-off,* 608 *m.*

The claims for "*loss on sale of the sloop*" and "for the use of *the said sloop,*" are for unliquidated damages and therefore not proper subjects of set-off. *Smith vs. Washington Gas Light Co.*, 31 *Md.*, 12.

The claim for money paid for bills on the sloop, created by the plaintiff, is not a good plea, it not being alleged that the same were paid at the instance or request of the plaintiff. A voluntary payment made by one of a debt due by another ; without his request, creates no assumpsit or liability on the part of the latter to the former. *Mayor, &c. vs. Hughes' Adm'r*, 1 *G. & J.*, 480.

2nd. As to the demurrer to the eighth count of the declaration, which was overruled.

This count alleges the sale of the stock by the defendant to the plaintiff for the prices mentioned, the delivery of the possession thereof to the plaintiff, the payment by the latter of $150 as part of the purchase money; " and that afterwards, the said defendant sold and delivered the said boat or vessel to one Wingate Lewis, at and for a large sum of money, to wit; the sum of $1000, and undertook and promised to account therefor to the plaintiff; but the said defendant hath not accounted for nor paid to the plaintiff, the purchase money nor any part of the proceeds of said sale, but hath wholly refused and neglected so to do, and doth still refuse, whereupon the plaintiff claims $500."

In the ingenious argument on the part of the appellant, several objections have been urged to this Court.

It is argued that the sale of the vessel to Lewis by the appellant, not being alleged to have been made with the appellee's consent, must be understood as tortious, and an action of *assumpsit* cannot be maintained thereon, there being nothing in the count whereby the *tort* is alleged to have been waived. 2nd, That no sufficient consideration is stated to support the alleged promise of the appellant, to account for the proceeds of the sales. 3rd, If the count is to be construed to mean, that the sale to Lewis was made with the consent of the appellee, then the relation of principal and agent was created between the parties; the appellant was acting as the agent for the appellee, and is not liable to account, except for the proceeds of sale actually received by him from Lewis, and it is not alleged that the same have ever been received by him.

The question of the right of the plaintiff to waive the *tort* and sue in *assumpsit* does not arise. Here no tortious act on the part of the defendant is alleged as the ground of action. Taking the whole averment together, it imports that the possession of the boat was delivered by the plaintiff to Lewis, on the request of the defendant,

and this is a sufficient consideration to support the promise of the defendant to account for and pay to the plaintiff the value of his interest in the property.

There is no foundation for the idea that the relation of principal and agent existed between the parties. The sale by the defendant to Lewis was made without authority, not in any respect as agent for the plaintiff. Nor was it afterwards adopted or ratified by the plaintiff. After the sale to Lewis, a distinct contract was made by the defendant with the plaintiff, that if the latter would deliver the possession of the boat to Lewis, the defendant would account to him for her. This contract is sufficiently stated in the *eighth count.* The demurrer was therefore properly overruled.

3rd. The prayers are next to be considered. The *second* prayer of the defendant, which was refused, relies upon an alleged variance between the original contract of sale of the sloop to the plaintiff as stated in the declaration, and that contract as proved. The supposed variance consists in the failure to allege as parts of the contract, " that the purchase money was to be paid at the end of the ensuing oyster season, and that the plaintiff was to make no bills on the boat without the defendant's consent."

It is a sufficient answer to this objection to say that the original contract of sale to the plaintiff, is alleged merely as inducement, and forms no part of the ground or cause of action. It was not necessary to set out all the elements or particulars of that contract, but only so much as showed that the plaintiff was rightfully in possession of the property. The ground of action is the promise on the part of the defendant, to account to the plaintiff for the property, made in consideration of the plaintiff's giving up the possession to Lewis. The plaintiff's counsel is in error in supposing that the agreement to pay the purchase money at the end of the oyster season, and the agreement to

Hearn *vs.* Cullin.

make no bills on the boat, were in their nature conditions precedent to the vesting of the right of possession in the plaintiff. "An objection for variance between the averment and proof will not be valid where the averment does not arise out of or form an essential part of the contract sued on." 3 *Robinson's Practice,* 562 ; 1 *Chitty Pl.,* 262 *m,* 318.

The defendant's *fourth* prayer was properly refused. The fact that Lewis failed to pay the defendant for the boat, was wholly immaterial, and in no manner affected the right of the plaintiff to recover. As before said the sale to Lewis was the act of the defendant, not made as plaintiff's agent ; the latter did not agree to accept Lewis as purchaser from him, or to look to Lewis for the purchase money ; but delivered the possession of the boat on the promise of the defendant to account to him for her.

There was no evidence to support the hypothesis of the defendant's *seventh* prayer, and it was for that reason properly refused.

We find no error in granting the *four* prayers of the plaintiff. The objection that the *first* and *second* leave out or omit to state material facts, relating to the original contract of sale to the plaintiff, has been answered in disposing of the defendant's second prayer.

We affirm the ruling of the Circuit Court on the *first* and *second* bills of exception. The evidence therein offered was properly rejected for reasons before stated. The failure of Lewis to pay for the boat did not affect the right of the plaintiff to recover.

The motion in arrest was properly overruled for reasons stated in disposing of the demurrer.

*Judgment affirmed.*

(Decided 28th July, 1880.)